Good morning, Your Honors. May it please the Court, my name is Tori Bryant. I represent the petitioner Pedro Padilla-Lepe. We are here before the Court asking for the Court to grant petition for review based on the BIA's error as a matter of law in denying the petitioner's motion to remand, as well as in the BIA's finding of no good cause to continue proceedings. With respect to the continuance, the BIA noted that the petitioner didn't respond when asked, didn't keep in contact with his lawyer for a long period of time, and that that was a reason to deny the continuance. Why is that an abuse of discretion? Your Honor, the petitioner hired counsel to assist him to navigate through immigration proceedings, which are very difficult for lay people. The petitioner would not have known what to do absent counsel, which is why he retained counsel. He did agree, or he did not refute, the fact that he had not maintained contact with his counsel. However, there were things that he could not have done, such as file a motion to continue, go and get his own fingerprints and know where to go to do that. Those are things that his counsel would have been able to guide him to do had his counsel been diligent. So he went dark for 10 months, correct? Essentially, Your Honor. He did come back. He made contact with his counsel between July and August. The reasons for that? Your Honor, he had separated from his wife. He had moved out and moved in with a girlfriend. He had had a new baby that was born with a medical condition in August of 2014. He did not have phone service or Internet service in his new residence. He was obviously not checking with his old residence to see if he was being communicated or receiving communications from his counsel. But he didn't make the effort to contact his counsel either. That is true, Your Honor. Yes, so the question is, who was not diligent? Probably both. I would say both, Your Honor. I do believe the court does advise both counsel and the respondent in court as to what their duties are and obligations specifically to the petitioner in this case that they must keep in touch with counsel and that it is their obligation to file their applications for relief. In this case, however, counsel did not do much more than state the obvious that they lost contact with the respondent. I do believe that we've argued that it was an abuse of discretion because the court did not do a complete analysis of when a continuance can be granted. Yes, good cause should be shown, must be shown. It is required. But there was no discussion as to the number of continuances in the case, the inconvenience it would cause to the court for yet another continuance to be granted, the reasonableness of the immigrant's conduct, or the nature of the evidence to be excluded if the continuance was denied. In this case, it was a huge exclusion for the 212C to be denied if the petitioner did not have his continuance granted. The reasonableness of his conduct we have just discussed, it was unreasonable for him to maintain or to lose contact with his counsel for such a lengthy period of time. Although it does appear that he does have some reasons, there were ways to mitigate that, and he did not do so. There weren't that many continuances granted in this case. In fact, the case was before the board from 2012 to 2013, and the next appearance after the remand was in December of 2013. The court set a filing deadline of June 2014, and the merits hearing was set in September. So there was not an exorbitant amount of continuances granted in this case that an additional continuance would have been a hardship to the court or its calendar. If it please the court, I would like to reserve some time for rebuttal. You may do that. Thank you, Your Honor. Good morning. May it please the court, Jane Shoffner for the respondent. The board acted within its discretion here when it upheld the immigration judge's decision, finding that Mr. Padilla-Lepe failed to establish good cause for a continuance. The board also acted within its discretion when it found no ineffective assistance of counsel here. The record shows that Mr. Padilla-Lepe was unresponsive to his attorney's requests to reach him for a period of 9 to 10 months. At his final individual merits hearing, his counsel reported at pages 192 to 193 of the record that they made 9 to 10 attempts to reach him over a 10-month period. And Mr. Padilla-Lepe himself, at pages 195 to 198 of the record, acknowledged that he failed to maintain contact, that he moved without updating either DHS or the immigration court of his new address. So we would argue that Mr. Padilla-Lepe's own unreasonable conduct, which opposing counsel has just conceded is unreasonable, that led to his failure to complete his biometrics and have his applications denied as abandoned. Ms. Shoffner? Yes. How many continuances were there below? He appeared four times over a three-and-a-half period. Three-and-a-half what? Three-and-a-half years? His total proceedings spanned three-and-a-half years. He made four appearances before the immigration judge during that three-and-a-half-year period. He requested one continuance three days before his final individual merits hearing. The explanation he provided for that continuance request was that he simply was not prepared to go forward, that his circumstances had changed. He had new equities. He had a new partner. He had a new child. That motion was filed late. DHS did not have an opportunity to respond. And this goes to the kwee factors, the four factors the court considers in determining whether a continuance is unreasonable. While he had not asked for a significant number of continuances previously, the case had been pending for three-and-a-half years. The case had previously been dismissed because counsel failed to file an application on his behalf. So given the history of the case, Mr. Padilla-Lepe had an even greater obligation to ensure that his counsel, who he chose to retain after she was admonished by the board, had an obligation to ensure that that counsel was acting diligently on his behalf. Counsel, one of your colleagues' points was that the BIA did not explicitly go through the other factors of the analysis to say, okay, here are the other three, how inconvenient is this, and so on and so forth. Is that a problem from your perspective? And if not, why not? If we thought that was a problem, if we thought further analysis was required in this case, we would have sought a remand earlier in the proceeding for the agency to address all the factors. The reasonableness here of the alien's conduct was the overriding factor here. And the board certainly addressed that in its decision. It addressed the reasonableness of his conduct both in finding that he established or rather failed to establish good cause for continuance and also failed to establish ineffective assistance. Given the gravity of the consequence and the fact that there was only one continuance previously, why is it reasonable for the BIA to do what they've done? What the board did was within its discretion. Here, Mr. Padilla-Lepe was given warnings not once but twice regarding his obligation to maintain or rather to comply with the court's deadlines. In 2011, he was given instructions to submit his applications. By January 2012, no applications, no biometrics, nothing was filed. His case was dismissed. When the board essentially gave him another chance by granting his motion to reopen, admonishing counsel, giving him another opportunity, he failed to maintain contact with his counsel. The stakes, we agree, are certainly high. And because the stakes are high, it was incumbent upon him to follow up with his counsel. He has a new American citizen child, right? That is correct. Does the record show whether or not he was supporting the child? It does not. It does not. On the matter of children, again, the stakes being high, it's worth noting that he has four adult U.S. citizen children ranging from the age of 20 to 30. We do not know whether they have filed any applications for relief on his behalf, but that is an option for him. He can adjust through one of his children if they choose to file an application. That raises an interesting sort of thought in my head, which I had not thought about beforehand, which is whether this is an appropriate case for mediation, if there are other avenues of relief that may be open to petitioner. Counsel has not reached out for mediation? That's not my question. Was the government willing if the court orders it? Well, of course if the court orders it, we have no problem. And if we don't? Do you think it could be appropriate? It sounds like there may be relief available to him. Adjustment from overseas is always an opportunity that individuals have. Again, if we thought this were an appropriate case for mediation, we would have made an effort to mediate it at an earlier stage. We believe that he failed to comply with his obligations to maintain contact with his counsel. The stakes were very high. He knew the stakes were very high. He had his case dismissed once before. And that's one of the things the IJ said in his September 2014 order. He said given the history of the case, he didn't have any confidence that the same thing wouldn't happen again, that there wouldn't be another failure to do what was required. The underlying alleged aggravated felony is a receiving stolen property? That's correct. Not the worst charge, I suppose. I mean, there's no question that he was eligible to apply for Section 212C relief. It's unclear whether he would have been granted that relief in the exercise of discretion. He would have had to show rehabilitation, no further criminal convictions, and hardship to his family. And we simply don't know the answers to those questions because the record is thin. But because the denial of a continuance cannot be overturned except upon a finding of clear abuse, we would ask that you uphold the agency's decision here and also find that the agency's decision finding no ineffective assistance of counsel was not arbitrary, irrational, or contrary to law. Thank you. Thank you. And you have some rebuttal time remaining. Thank you. In response to the government's claim that there is no ineffective assistance of counsel, the board did not take the time to evaluate that with the motion to reopen. There were several instances in which the board could have made a finding that ineffective assistance did exist. Previously, they had made a finding when they granted the first motion to reopen. They overlooked the fact that they had previously granted a motion to reopen based on ineffective assistance of counsel. They had failed to address in their 2016 decision whether trial counsel was ineffective. And they ignored the fact that, as I had stated earlier, the petitioner had hired counsel to assist him, and he wasn't getting that type of assistance. We show in our arguments that counsel failed to advise the court that she had lost contact with the petitioner, which was an option for her. She failed to advise the court that the controlled substance conviction had not been expunged, that petitioner's fingerprints had not been taken, that the petitioner needed to file the expungement in order to be eligible for the 212C. And counsel failed to timely file a motion to continue to preserve petitioner's rights. Whoever has that noise, please silence it. Thank you. Alternatively, counsel failed to timely withdraw if she was unwilling to continue the representation or unable to. And the board did not make any kind of those determinations or evaluate that when denying the motion to reopen in 2016. With regard to the government's argument regarding the continuance, yes, it does appear that the petitioner's conduct may have been unreasonable. But, again, he did have counsel to assist him, and the factors that I just listed should have been taken into consideration by the board when determining whether or not a continuance should have been granted. Ms. Bryant? Yes. If mediation were ordered, would you be willing to participate in it? Yes, Your Honor. All right, go ahead. I interrupted you. I'm sorry. That's okay. Both counsel and the petitioner had been given warnings to comply with the court's deadlines to file documents. As I stated earlier, the petitioner would not have known what documents that he would have needed in order to prepare them himself and turn them in himself without his counsel. It also appears in the record that counsel did not know what documents she needed to prepare, and that is something that the court considered when they granted the first motion to reopen. Somehow they overlooked that in the decision in 2016. So I believe that the respondent has made a showing that good cause did exist in spite of his unreasonable conduct, that he was unable to represent himself when he had counsel, and that his counsel did not act diligently on his behalf. Counsel, the government indicates that he may have alternative remedies available. Is he pursuing any other? I'm not aware that he's pursuing any other remedies, Your Honor. And I do believe that the petitioner is entitled to the petition for review at this time. Thank you, counsel. The case just argued is submitted and we appreciate the arguments from both counsel.
judges: Schroeder, Graber, Watson